## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Bankruptcy No. 14-17346-ref |
| Lee Anne K. Rust | : Chapter 13 |
|      Debtor | : |
| | : |
| MTGLQ Investors, LP c/o Rushmore Loan | : |
| Management Services | : |
|      Movant | : |
|      vs. | : |
| Lee Anne K. Rust | : |
| and Robert N. Rust III (Non-filing Co-Debtor) | |
|      Debtor/Respondent | : |
|      and | : |
| Frederick L. Reigle, Esquire | : |
|      Trustee/Respondent | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY UNDER 11 U.S.C. § 362 AND §1301

Movant, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a Termination of the Automatic Stay and leave to proceed with its State Court rights provided under the terms of the Mortgage.

1.     Movant is MTGLQ Investors, LP c/o Rushmore Loan Management Services ("Movant").

2.     Debtor, Lee Anne K. Rust ("Debtor") and Robert N. Rust III ("Non-filing Co-Debtor") are the owners of the premises located at 4461 Kohler Drive, Allentown, PA 18103-6029 (the "Property").

3.     Frederick L. Reigle, Esquire is the Trustee appointed by the Court.

4.     Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on September 12, 2014.

5.     Movant is the holder of a mortgage lien on the Property in the original principal amount of $323,015.00, which was recorded on June 01, 2009 (the "Mortgage"). A true and correct copy of which is attached hereto as Exhibit "A."

6.     The Mortgage has been assigned to Movant through a series of written assignments of mortgage, the last of which was recorded on December 30, 2015. A true and correct copy of which is attached hereto as Exhibit "B."

7.     Movant has not received the monthly post-petition Mortgage payments for January 01, 2018 in the amount of $3,301.99 and from February 01, 2018 through April 01, 2018 in the amount of $3,282.73 each, less Suspense in the amount of $296.95, as well as legal fees

and filing costs associated with the filing of this motion in the amount of $1,031.00, for a total of $13,884.23.

8.    The approximate value of the Property as per Debtor's Schedules is $358,371.00.

9.    The approximate total amount necessary to pay off the Mortgage as of March 05, 2018 is $391,242.59, therefore Debtor has no equity in the Property

10.    Movant has cause to have the Automatic Stay terminated, in order to permit Movant to complete foreclosure on its Mortgage.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

a.    Modifying the Automatic Stay and Co-Debtor Stay under 11 U.S.C. § 362 and §1301 of the Bankruptcy Code with respect to the Property as to permit Movant to foreclose on its Mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal or consensual action for enforcement of its right to possession of, or title to; and

b.    Granting any other relief that this Court deems equitable and just.

Respectfully Submitted,

Date: 04/23/2018

/s/Danielle Boyle-Ebersole, Esquire
Danielle Boyle-Ebersole, Esquire
Hladik, Onorato & Federman, LLP
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521
Fax 215-855-9121

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 14-17346-ref |
| Lee Anne K. Rust | : Chapter 13 |
|          Debtor | : |
| | : |
| MTGLQ Investors, LP c/o Rushmore Loan | : |
| Management Services | : |
|          Movant | : |
|       vs. | : |
| Lee Anne K. Rust | : |
| and Robert N. Rust III (Non-filing Co-Debtor) | : |
|          Debtor/Respondent | : |
|       and | : |
| Frederick L. Reigle, Esquire | : |
|          Trustee/Respondent | : |

**<u>CERTIFICATION OF SERVICE
OF MOTION, RESPONSE DEADLINE AND HEARING DATE</u>**

     I, Danielle Boyle-Ebersole, attorney for the Movant, MTGLQ Investors, LP c/o Rushmore Loan Management Services, hereby certify that I served a true and correct copy of the Motion for Relief from Automatic Stay and Notice of Motion, Response Deadline and Hearing Date, by United States Mail, first class, postage prepaid, or Electronic Mail on **<u>04/23/2018</u>** upon the following:

| | |
|---|---|
| Patrick J. Best, Esquire | Lee Anne K. Rust |
| Via ECF | 4461 Kohler Drive |
| Attorney for Debtor | Allentown, PA 18103 |
| | Via First Class Mail |
| Frederick L. Reigle, Esquire | *Debtor* |
| Via ECF | |
| Trustee | Robert N. Rust III |
| | 4461 Kohler Drive |
| | Allentown, PA 18103- 6029 |
| | Via First Class Mail |
| | *Non-filing Co-Debtor* |

Dated: 04/23/2018
                            <u>/s/Danielle Boyle-Ebersole, Esquire</u>
                            Danielle Boyle-Ebersole, Esquire
                            Hladik, Onorato & Federman, LLP
                            Attorney I.D. # 81747
                            298 Wissahickon Avenue
                            North Wales, PA 19454
                             Phone 215-855-9521/Fax 215-855-9121

# **EXHIBIT A**

RECORDED
06/01/2009 2:18:20 PM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num:    2009020684

3761 NICHOLAS ST
EASTON
PA 18045

After Recording Return To:
COUNTRYWIDE BANK, FSB

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Parcel Number:

Premises:
4461 KOHLER DR
ALLENTOWN
PA 18103-6029

———— [Space Above This Line For Recording Data] ————

[Case #]                                                        [Doc ID #]

**Commonwealth of Pennsylvania**     **MORTGAGE**     FHA Case No.

THIS MORTGAGE ("Security Instrument") is given on  MAY 26, 2009



FHA Pennsylvania Mortgage with MERS - 4/96
MERS FHA Mortgage-PA
1004N-PA (06/08)(d/i)                    Page 1 of 10                    Amended 6/02

The Mortgagor is
ROBERT N RUST III, AND LEE ANNE RUST

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
COUNTRYWIDE BANK, FSB

("Lender") is organized and existing under the laws of THE UNITED STATES          , and has an address of
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

Borrower owes Lender the principal sum of
THREE HUNDRED TWENTY THREE THOUSAND FIFTEEN and 00/100

Dollars (U.S. $ 323,015.00          ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   JUNE 01, 2039          . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in   LEHIGH
County, Pennsylvania:

CASE

SEE ATTACHED LEGAL DESCRIPTION HEREIN MADE PART OF

which has the address of

4461 KOHLER DR, ALLENTOWN

[Street, City]

Pennsylvania 18103-6029 ("Property Address");
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1.    Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2.    Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the

## Exhibit A

All THAT CERTAIN lot or tract of land, together with the partially completed dwelling; known as Premises #4408 Kohler Drive, being the greater portion of Lot #4408 Kohler Drive, a portion of Lot #4406 Kohler Drive, and a portion of Lot #4410 Highland Court, as shown on the subdivision plan of Section 3-B, Clearview Manor, recorded in Map Book Volume 10, page 2, prepared by Martin H. Schuler Company, Surveying Engineers of Allentown, situated in Lower Macungie Township, Lehigh County, Pennsylvania, more particularly described as follows:

BEGINNING at a point along the westerly property line of Kohler Drive, located 115.00 feet north from the intersection formed by the extended westerly property line of Kohler Drive with the extended northerly property line of Highland Court;

thence along a line traversing Lot #4410 Highland Court, north 59° -33' -02" west 118.75 feet to a point;

thence along a line traversing Lot #4408 Kohler Drive extending into Lot #4406 Kohler Drive, north 42° -03' -12" west 111.80 feet to a point;

thence along a line traversing a portion of Lot #4406 Kohler Drive and Lot #4408 Kohler Drive, north 82° -50' -12" east 154.55 feet to a point;

thence along the westerly property line of Kohler Drive, the following two (2) courses and distances:

1) south 25° -52' -30" east 57.08 feet to a point,
2) curving to the right with a radius of 125.00 feet for a distance measured along the arc of the curve 115.14 feet to the place of beginning.

Containing 17,067.59 square feet.

BEING the same premises which Val-You Builders, Inc., a Pennsylvania Corporation, by Deed dated May 5, 1975, and recorded May 7, 1975, in the Office of the Recorder of Deeds in and for the County of Lehigh, Pennsylvania, in Deed Book 1203, Page 327, granted and conveyed unto Robert N. Rust, III and Lee Anne Rust, husband and wife, in fee.

CASE #  ███████████

Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.    **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4.    **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application

CASE #: ███████████    DOC ID #: ███████████

of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.   **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.   **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

CASE #: ▮▮▮▮▮▮▮▮▮▮▮             DOC ID #: ▮▮▮▮▮▮▮▮▮▮▮

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8.    Fees.** Lender may collect fees and charges authorized by the Secretary.

**9.    Grounds for Acceleration of Debt.**

**(a)    Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)    Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)    Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)    The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)    No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)    Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)    Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

CASE #: ███████████████    DOC ID #: ███████████████

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall



CASE #: ███████████          DOC ID #: ███████████

not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are
generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other
action by any governmental or regulatory agency or private party involving the Property and any Hazardous
Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by
any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances
affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance
with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous
substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic
petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or
formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws
and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** To the extent permitted by applicable law, Borrower unconditionally assigns
and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents
to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or
Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or
agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as
trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and
not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower
as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender
shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall
pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that
would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving
notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is
a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of
Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security
Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9,
Lender may foreclose this Security Instrument by judicial proceeding and invoke any other remedies
permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the
remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title
evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary
requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power
of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by
requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the
Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any
rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

CASE #: ███████████   DOC ID #: █████████████

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider                    ☐ Growing Equity Rider
☐ Planned Unit Development Rider        ☐ Graduated Payment Rider
☒ Other [specify] LEGAL DESCRIPTION

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
ROBERT N. RUST III                                  - Borrower

_____ (Seal)
LEE ANNE RUST                                       - Borrower

_____ (Seal)
                                                    - Borrower

_____ (Seal)
                                                    - Borrower

CASE #: ███████████          DOC ID #: ███████████

**COMMONWEALTH OF PENNSYLVANIA,**                    Lehigh        **County ss:**

On this, ___26th___ day of ___May, 2009_____, before me, the undersigned officer,
personally appeared ____Robert N. Rust, III and Lee Anne Rust_____

_____

_____ known to me (or satisfactorily proven) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed
the same for the purposes herein contained.
    IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission Expires:

_____
                                        Notary Public

Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
John S-Hock Jr, Notary Public
South Whitehall Township, Lehigh County
My commission expires November 08, 2010

**Certificate of Residence**
    I, _____, do hereby certify that the correct address of
the within-named Mortgagee is 3300 S.W. 34th Avenue, Suite 101, Ocala, FL 34474 or P.O. Box 2026, Flint,
MI 48501-2026.
    Witness my hand this _26th_____ day of _____May, 2009__, _____.

_____
                                        Agent of Mortgagee

MERS FHA Mortgage-PA
1004N-PA (06/08)                    Page 10 of 10

**After Recording Return To:**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**
**1-888-504-6700**

**This Document Prepared By:**
**CYNTHIA QUINTERO**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

Parcel ID Number:

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: **$323,015.00**                                                Loan No: ███████████

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **11th day of September, 2017**, between **ROBERT N RUST III, AND LEE ANNE RUST** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **May 26, 2009** and recorded in **Instrument No: 2009020684**, of the Official Records of **LEHIGH County, PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**4461 KOHLER DR, ALLENTOWN, PA 18103**,
(Property Address)
the real property described being set forth as follows:

## AS SET FORTH IN THE MORTGAGE

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **September 11, 2017**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$387,810.54**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.500%**, from **September 1, 2017**. Borrower promises to make monthly payments of principal and interest of

U.S. **$2,550.73**, beginning on the **1st** day of **October, 2017**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.500%** will remain in effect until principal and interest are paid in full. If on **June 1, 2039** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  Borrower understands and agrees that:

    (a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property

or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6.  Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7.  This Agreement modifies an obligation secured by an existing security instrument recorded in

LEHIGH County, PA, upon which all recordation taxes have been paid. As of the date of this
agreement, the unpaid principal balance of the original obligation secured by the existing security
instrument is $300,501.44. The principal balance secured by the existing security instrument as
a result of this Agreement is $387,810.54, which amount represents the unpaid principal balance
of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**ROBERT N. RUST III** -Borrower

_____ (Seal)
**LEE ANNE RUST** -Borrower


_____ [Space Below This Line For Acknowledgments] _____

COMMONWEALTH OF PENNSYLVANIA, _____ Lehigh _____ County ss:

On this, the ___5th__ day of __September___, 20_17_, before me, the undersigned officer,
personally appeared
Robert N. Rust III
Lee Anne Rust
,
satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and
acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires:_____ PENNSYLVANIA  1/12/20

NOTARIAL SEAL
ROBERT F VAN DUZER JR
Notary Public
LOWER MACUNGIE TWP, LEHIGH COUNTY
My Commission Expires Jan 12, 2020

_____
Signature of Notary
Notary Public
_____
Title of Officer

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: ▮▮▮▮

**Rushmore Loan Management Services LLC**

By: _____ (Seal) - Lender

Name: _____Karen M. Mastro_____

Title: _____Senior Vice President_____

_____10-16-17_____

Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

_____Texas_____, _____Dallas_____ County ss: Farmers Branch

On this, the _16_ day of _____Oct_____, 20 _17_, before me, the undersigned officer, personally appeared

_____Karen M Mastro_____, the _____Senior Vice President_____ of

_____Rushmore Loan Mgt. Services LLC_____

,

satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires: _____3-1-2018_____

_____

Signature of Notary

NOTARY

_____

Title of Officer

ARTHUR R FINLEY III
My Commission Expires
March 1, 2018

**CERTIFICATE OF RESIDENCE**

I, ___Karen M. Mastro_____
        Senior Vice President                              Agent of Lender

do hereby certify that the precise address of the within-named lender is:

**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road,**
**Irvine, California 92618**

Witness my hand this _16th_ day of _October 2017_

_____
Signature of Agent of Lender

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Pennsylvania        Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center  ©  8862 08/14                                                      (page 6 of 6)

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▇▇▇▇▇▇

FHA/VA Case Number:

Borrower(s):    **ROBERT N. RUST III and LEE ANNE RUST**

Property Address:    **4461 KOHLER DR, ALLENTOWN, PA 18103**

Servicer:    **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **11th** day of **September, 2017**.

_____ (Seal)
**ROBERT N. RUST III** -Borrower

_____ (Seal)
**LEE ANNE RUST** -Borrower

## **EXHIBIT B**

## ANDREA E. NAUGLE
## LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
CORELOGIC
450 EAST BOUNDARY STREET
CHAPIN, SC 29036

**Instrument Number - 2012004245**
Recorded On 2/7/2012 At 8:19:38 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 115336      User ID: KCA      **\*Total Pages** - 3
* Grantor - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
* Grantee - BANK OF AMERICA NA
* Customer - SIMPLIFILE LC E-RECORDING

*FEES

```
STATE WRIT TAX           $0.50
STATE JCS               $23.50
RECORDING FEES          $15.00
COUNTY ARCHIVES FEE      $2.00
ROD ARCHIVES FEE         $3.00
UPI CERTIFICATION FEES  $10.00
TOTAL PAID              $54.00
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



*Andrea E. Naugle*
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On February 7, 2012 By TLL**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2012004245**



Recording Requested By:
**Bank of America**
Prepared By:
**Diana DeAvila**
**888-603-9011**
**450 E. Boundary St.**
**Chapin, SC 29036**
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
**Chapin, SC 29036**

DocID#
Tax ID:
Property Address:
**4461 Kohler Dr**
**Allentown, PA 18103-6029**
Property Location:
**Township of LOWER MACUNGIE**

This space for Recorder's use

MIN #: ▮▮▮▮▮▮▮▮    MERS Phone #:  888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP** whose address is **451 7TH ST.SW #B-133, WASHINGTON DC 20410** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:          **COUNTRYWIDE BANK, FSB**

Mortgagor(s):              **ROBERT N RUST III, AND LEE ANNE RUST**

Date of Mortgage:  **5/26/2009**     Original Loan Amount:  **$323,015.00**

Recorded in **Lehigh County**, PA on: 6/1/2009, book N/A, page N/A and instrument number **2009020684**

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**02-01-2012**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____

Rene Rosales Assistant Secretary

State of **California**
County of **Ventura**

On ___FEB 0 1 2012___ before me, ___ROUDABEH BEYGZADEH-ELIAS, NOTARY PUBLIC___, Notary Public, personally appeared
___Rene Rosales___
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

ROUDABEH BEYGZADEH-ELIAS
Commission # 1939621
Notary Public - California
Los Angeles County
My Comm. Expires Jun 4, 2015

Notary Public: ___Roudabeh Beygzadeh-Elias___    (Seal)
My Commission Expires: June 4, 2015

I hereby certify that the address of the within named assignee is:
**451 7TH ST.SW #B-133, WASHINGTON DC 20410**

Signature    **Rene Rosales**

DocID#

## ANDREA E. NAUGLE
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA  18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
T D SERVICE CO
P O BOX 11988
SANTA ANA, CA 92711-

**Instrument Number - 2013038874**
Recorded On 10/9/2013 At 10:20:32 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 187187        User ID: LJS          *Total Pages - 3
* Grantor -  BANK OF AMERICA NA  RUST, ROBERT N III
* Grantee - SECRETARY OF HOUSING & URBAN DEVELOPMENT
* Customer - T D SERVICE CO

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $23.50 |
| RECORDING FEES | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $54.00 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E Naugle

Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On October 9, 2013 By LY**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER -  **2013038874**



Prepared by: RALPH FLORES
101 S MARENGO AVE, 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 456-1890

Recording requested by:
BANK OF
AMERICA,N.A.,SUCCESSOR BY
MERGER TO COUNTRYWIDE
BANK,N.A.,LP FKA COUNTRYWIDE
BANK,FSB

When recorded mail to:
TD SERVICE COMPANY
4000 W METROPOLITAN DRIVE
SUITE 400
ORANGE, CA 92868
Attn: SARAH KENNEDY

RECORDED
10/09/2013 10:20:32 AM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num:      2013038874

CORPORATION ASSIGNMENT OF MORTGAGE
Doc. ID#
Commitment#

For value received, the undersigned, BANK OF AMERICA,N.A.,SUCCESSOR BY MERGER
TO COUNTRYWIDE BANK,N.A.,LP FKA COUNTRYWIDE BANK,FSB, 101 S MARENGO AVE, 4TH
FLOOR, PASADENA, CA 91101, hereby grants, assigns and transfers to:
SECRETARY OF HOUSING AND URBAN DEVELOPMENT
451 7TH STREET,S.W.,WASHINGTON,D.C. 20410

All its interest under that certain Mortgage dated  5/26/09, executed by:
ROBERT N RUST,III and LEE ANNE RUST, Mortgagor as per MORTGAGE recorded as
Instrument No. 2009020684 on 6/01/09 in Book N/A Page N/A of official records
in the County Recorder's Office of LEHIGH County, PENNSYLVANIA.
  Tax Parcel =                          LOWER MACUNGIE TWP/EAST PENN S.D.
Original Mortgage $323,015.00
4461 KOHLER DR, ALLENTOWN, PA 18103

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage. "I hereby certify that the precise address of the
within named assignee is 451 7TH STREET,S.W.,WASHINGTON,D.C. 20410 "

X

CORPORATION ASSIGNMENT OF MORTGAGE
Doc. ID# █████████
Commitment# █████████

Dated: _8/27/13_

BANK OF AMERICA,N.A.,SUCCESSOR BY MERGER TO COUNTRYWIDE
BANK,N.A.,LP FKA COUNTRYWIDE BANK,FSB

By _____
LISA NIX, ASSISTANT VICE PRESIDENT

State of California
County of Los Angeles

On **AUG 27 2013** before me, **IRMA DIAZ** , Notary Public,
personally appeared LISA NIX, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature: _____
IRMA DIAZ

```
IRMA DIAZ
Commission # 1903988
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014
```

### ANDREA E. NAUGLE
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
T D SERVICE CO
P O BOX 11988
SANTA ANA, CA 92711-

**Instrument Number - 2013038875**
Recorded On 10/9/2013 At 10:20:33 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 187187     User ID: LJS          **\*Total Pages - 4**
* Grantor - SECRETARY OF HOUSING & URBAN DEVELOPMENT  RBS FINANCIAL PRODUCTS INC
* Grantee - RBS FINANCIAL PRODUCTS INC
* Customer - T D SERVICE CO

* FEES
```
STATE WRIT TAX           $0.50
STATE JCS               $23.50
RECORDING FEES          $16.00
COUNTY ARCHIVES FEE      $2.00
ROD ARCHIVES FEE         $3.00
UPI CERTIFICATION FEES  $10.00
TOTAL PAID              $55.00
```

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On October 9, 2013 By LY**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2013038875**



Prepared by: ERIC ANDERSON
101 S. MARENGO AVE. 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 486-3646

Recording requested by:
SECTRETARY OF HOUSING AND
URBAN DEVELOPMENT BY RBS
FINANCIAL PRODUCTS INC., ITS
ATTORNEY IN FACT

When recorded mail to:
TD SERVICE COMPANY
4000 W. METROPOLITAN DRIVE
SUITE 400
ORANGE, CA 92868
Attn: SARAH KENNEDY

RECORDED
10/09/2013 10:20:33 AM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num:     2013038875

CORPORATION ASSIGNMENT OF MORTGAGE
Doc. ID#
Commitment#

For value received, the undersigned, SECTRETARY OF HOUSING AND URBAN
DEVELOPMENT BY RBS FINANCIAL PRODUCTS INC., ITS ATTORNEY IN FACT, 451 7TH
STREET S.W., WASHINGTON D.C. 20410, hereby grants, assigns and transfers to:
RBS FINANCIAL PRODUCTS INC.
600 WASHINGTON BLVD., STAMFORD, CT 06901

All its interest under that certain Mortgage dated 5/26/09, executed by:
ROBERT N RUST,III and LEE ANNE RUST, Mortgagor as per MORTGAGE recorded as
Instrument No. 2009020684 on 6/01/09 in Book ————— Page ————— of
official records in the County Recorder's Office of LEHIGH County,
PENNSYLVANIA.
   Tax Parcel =                      LOWER MACUNGIE TWP/EAST PENN S.D.
Original Mortgage $323,015.00
4461 KOHLER DR, ALLENTOWN, PA 18103

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage. "I hereby certify that the precise address of the
within named assignee is 600 WASHINGTON BLVD., STAMFORD, CT 06901 "

X

Assignment Chain Exhibit

Service#: ███████

1. Assignment from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Secretary of Housing and Urban Development Dated: 8/27/13 to be recorded simultaneously here with

CORPORATION ASSIGNMENT OF MORTGAGE

Doc. ID#
Commitment#

Dated: 9-6-2013

SECTRETARY OF HOUSING AND URBAN DEVELOPMENT BY RBS
FINANCIAL PRODUCTS INC., ITS ATTORNEY IN FACT

BY RMS ASSET. MANAGEMENT, LLC. ITS ATTORNEY IN FACT

By_____

DAVID SKLAR, CFO

State of **CALIFORNIA**
County of **ORANGE**

On 9-6-2013 before me, **G. MELTON**_____, Notary Public,
personally appeared . **DAVID SKLAR, CFO**_____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
**CALIFORNIA**_____ that the foregoing paragraph is true and
correct.

Witness my hand and official seal.

Signature: _____

**G. MELTON**

G. MELTON
Commission # 1930083
Notary Public - California
Orange County
My Comm. Expires Mar 25, 2015

Inst. # 2014015557 - Page 4 of 4

## ANDREA E. NAUGLE
## LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



Recorder of Deeds Division
Deborah A. Casciotti, Chief Deputy
Lehigh County Courthouse
455 W. Hamilton Street - Room 122
Allentown, PA 18101-1614
(610) 782-3162

*RETURN DOCUMENT TO:
CENTRAL PROPERTY SETTLEMENT SERVICES
9 LAWN AVE.&#10;SUITE 200
NORRISTOWN, PA 19403

**Instrument Number - 2014015557**
Recorded On 6/20/2014 At 9:32:07 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 208496     User ID: AME
* Grantor - RBS FINANCIAL PRODUCTS INC
* Grantee - US BANK NATIONAL ASSN
* Customer - SIMPLIFILE LC E-RECORDING

*Total Pages - 4

*FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $23.50 |
| RECORDING FEES | $16.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $55.00 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



*Andrea E. Naugle*
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On June 20, 2014 By TLL**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2014015557**



*Prepared By*
RBS Financial Products Inc.

RECORD AND RETURN TO:
CENTRAL PROPERTY SEARCH
9 LAWN AVENUE  SUITE 200
NORRISTOWN, PA 19403

███████████████████

## CORPORATION ASSIGNMENT OF MORTGAGE

███████████                                         ███████████

For value received, the undersigned, RBS Financial Products Inc. having its address
at 600 WASHINGTON BLVD., STAMFORD, CT 06901 hereby grants, assigns and
transfers to:
    NRZ Pass-Through Trust I, U.S. Bank, National Association, as Trustee
    60 Livingston Ave., EP-MN-WS3D, St. Paul, MN 55107
All its interest under that certain Mortgage dated 5/26/2009, executed by: ROBERT
N RUST III, AND LE ANNE RUST, Mortgagor as per MORTGAGE recorded as
Instrument No. 2009-020684 on 6/1/2009 in Book XXX Page XXX of official records
in the County Recorder's Office of LEHIGH County, PENNSYLVANIA.
    Tax Parcel =██████████
Original Mortgage $323,015.00
4461 KOHLER DR, ALLENTOWN, PA 18103

Together with the Note or Notes therein described or referred to, the money due
and to become due thereon with interest, and all rights accrued or to accrue under
said Mortgage. "I hereby certify that the precise address of the within named
assignee is 600 WASHINGTON BLVD., STAMFORD, CT 06901"

X _____
Greg Ochoa

███████████

CORPORATION ASSIGNMENT OF MORTGAGE

Loan#: ███████████                                    Servicer# ████████████

Dated: 3/25/2014                RBS Financial Products Inc.
                                By RMS Asset Management, LLC, its Attorney-in-Fact

                                By:_____

                                David Sklar, Chief Financial Officer

State of California
County of Orange

On 3/25/2014 before me, G. Melton, Notary Public, personally appeared David
Sklar, who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature: _____
            .  G. Melton

Prepared by: Duy Duong
18 Technology Dr., Ste 210
Irvine, CA 91618
Phone#: (310) 450-5858

G. MELTON
Commission # 1930083
Notary Public - California
Orange County
My Comm. Expires Mar 25, 2015

# Exhibit A

**All** THAT CERTAIN lot or tract of land, together with the partially completed dwelling; known as Premises #4408 Kohler Drive, being the greater portion of Lot #4408 Kohler Drive, a portion of Lot #4406 Kohler Drive, and a portion of Lot #4410 Highland Court, as shown on the subdivision plan of Section 3-B, Clearview Manor, recorded in Map Book Volume 10, page 2, prepared by Martin H. Schuler Company, Surveying Engineers of Allentown, situated in Lower Macungie Township, Lehigh County, Pennsylvania, more particularly described as follows:

BEGINNING at a point along the westerly property line of Kohler Drive, located 115.00 feet north from the intersection formed by the extended westerly property line of Kohler Drive with the extended northerly property line of Highland Court;

thence along a line traversing Lot #4410 Highland Court, north 59° -33' -02" west 118.75 feet to a point;

thence along a line traversing Lot #4408 Kohler Drive extending into Lot #4406 Kohler Drive, north 42° -03'' -12" west 111.80 feet to a point;

thence along a line traversing a portion of Lot #4406 Kohler Drive and Lot #4408 Kohler Drive, north 82° -50' -12" east 154.55 feet to a point;

thence along the westerly property line of Kohler Drive, the following two (2) courses and distances:

1) south 25° -52' -30" east 57.08 feet to a point,
2) curving to the right with a radius of 125.00 feet for a distance measured along the arc of the curve 115.14 feet to the place of beginning.

Containing 17,067.59 square feet.

BEING the same premises which Val-You Builders, Inc., a Pennsylvania Corporation, by Deed dated May 5, 1975, and recorded May 7, 1975, in the Office of the Recorder of Deeds in and for the County of Lehigh, Pennsylvania, in Deed Book 1203, Page 327, granted and conveyed unto Robert N. Rust, III and Lee Anne Rust, husband and wife, in fee.

## ANDREA E. NAUGLE
## LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA  18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
HLADIK, ONORATO & FEDERMAN, LLP
298 WISSAHICKON AVE
NORTH WALES, PA 19454

**Instrument Number - 2015038630**
Recorded On 12/30/2015 At 2:27:39 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 259086      User ID: AME
* Grantor -  US BANK NATIONAL ASSN
* Grantee - NRZ MORTGAGE HOLDINGS LLC
* Customer - SIMPLIFILE LC E-RECORDING

**\*Total Pages - 4**

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $35.50 |
| RECORDING FEES | $16.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $67.00 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On December 30, 2015 By LY**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

**INSTRUMENT NUMBER - 2015038630**



Record 1st

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928
Loan:
Client ID: GS/AOL

# ASSIGNMENT OF MORTGAGE

*FOR VALUE RECEIVED,* **NRZ PASS-THROUGH TRUST I , U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, ITS SUCCESSORS AND ASSIGNS,** whose address is c/o US Bank National Association, 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107, does hereby assign and transfer to **NRZ MORTGAGE HOLDINGS LLC** whose address is c/o Fortress Investment Group, 1345 Avenue of the Americas, 46th Floor, New York, NY 10105, all its right, title and interest in and to the described Mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by **ROBERT N. RUST, III AND LEE ANNE RUST** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND ASSIGNS** for **$323,015.00** dated **5/26/2009** of record on **6/1/2009** at Document Number **2009020684**, in the **LEHIGH** County Clerk's Office, State of **PENNSYLVANIA.**

Property Address: 4461 Kohler Dr, Allentown, PENNSYLVANIA 18103

Parcel:
Township: LOWER MACUNGIE TOWNSHIP
I certify that the address of the within named assignee is 1345 Avenue of the Americas, 46th Floor, New York, NY 10105

Executed this 10 . 20 . 2014.

**NRZ PASS-THROUGH TRUST I , U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE BY RUSHMORE LOAN MANAGEMENT SERVICES LLC, ITS APPOINTED ATTORNEY IN FACT**

By:    Gloria A. Rocha
Title: Assistant Vice President

Power of Attorney recorded: _____



Rust
MTGL

KASOTA
FORTRESS-PRIV

10

# ACKNOWLEDGMENT

STATE OF CALIFORNIA

COUNTY OF ORANGE

On  10 / 20 / 2014  before me,  **Luis R. Malvaez**_____, a Notary Public, personally appeared
____**Gloria A. Rocha**_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.
I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and
correct.
Witness my hand and official seal.


Notary Public in and for the State of California
Notary's Printed Name:  **Luis R. Malvaez**_____
My Commission Expires:  5 / 11 / 2016_____

For $323,015.00 dated 5/26/2009

LUIS R. MALVAEZ
Commission No.  1977825
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires MAY 11, 2016
NCC1    NCC1

# EXHIBIT "A"

All THAT CERTAIN lot or tract of land, together with the partially completed dwelling; known as Premises #4408 Kohler Drive, being the greater portion of Lot #4408 Kohler Drive, a portion of Lot #4406 Kohler Drive, and a portion of Lot #4410 Highland Court, as shown on the subdivision plan of Section 3-B, Clearview Manor, recorded in Map Book Volume 10, page 2, prepared by Martin H. Schuler Company, Surveying Engineers of Allentown, situated in Lower Macungie Township, Lehigh County, Pennsylvania, more particularly described as follows:

BEGINNING at a point along the westerly property line of Kohler Drive, located 115.00 feet north from the intersection formed by the extended westerly property line of Kohler Drive with the extended northerly property line of Highland Court;

thence along a line traversing Lot #4410 Highland Court, north 59° -33' -02" west 118.75 feet to a point;

thence along a line traversing Lot #4408 Kohler Drive extending into Lot #4406 Kohler Drive, north 42° -03' -12" west 111.80 feet to a point;

thence along a line traversing a portion of Lot #4406 Kohler Drive and Lot #4408 Kohler Drive, north 82° -50' -12" east 154.55 feet to a point;

thence along the westerly property line of Kohler Drive, the following two (2) courses and distances:

1) south 25° -52' -30" east 57.08 feet to a point,
2) curving to the right with a radius of 125.00 feet for a distance measured along the arc of the curve 115.14 feet to the place of beginning.

Containing 17,067.59 square feet.

## ANDREA E. NAUGLE
### LEHIGH COUNTY CLERK OF JUDICIAL RECORDS



**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA  18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
HLADIK, ONORATO & FEDERMAN, LLP
298 WISSAHICKON AVE
NORTH WALES, PA 19454

**Instrument Number - 2015038631**
Recorded On 12/30/2015 At 2:27:40 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 259086        User ID: AME
* Grantor -  NRZ MORTGAGE HOLDINGS LLC
* Grantee - MTGLQ INVESTORS LP
* Customer - SIMPLIFILE LC E-RECORDING

**\*Total Pages - 4**

*FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $35.50 |
| RECORDING FEES | $15.50 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $66.50 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania



Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On December 30, 2015 By LY**

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2015038631**



Record 2nd

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928
Loan: ████
Client ID: GS/AOL

████████████

# ASSIGNMENT OF MORTGAGE

***FOR VALUE RECEIVED***, **NRZ MORTGAGE HOLDINGS LLC, ITS SUCCESSORS AND ASSIGNS**, whose address is c/o Fortress Investments Group, 1345 Avenue of the Americas, 46th Floor, New York, NY 10105, does hereby assign and transfer to *MTGLQ Investors, LP*_____ whose address is C/o The Goldman Sachs*_____, all its right, title and interest in and to the described Mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by **ROBERT N. RUST, III AND LEE ANNE RUST** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND ASSIGNS** for **$323,015.00** dated 5/26/2009 of record on 6/1/2009 at Document Number **2009020684**, in the **LEHIGH** County Clerk's Office, State of **PENNSYLVANIA**.

Property Address: 4461 Kohler Dr, Allentown, PENNSYLVANIA 18103

Parcel: ██████████
Township: LOWER MACUNGIE TOWNSHIP
I certify that the address of the within named assignee is  6011 CONNECTION DRIVE, 5TH
  FLOOR, IRVING, TX 75039

Executed this 10/21/2014

**NRZ MORTGAGE HOLDINGS LLC**


By:    MICHAEL TORRE
Title: ATTORNEY IN FACT FOR NRZ MORTGAGE HOLDINGS LLC

Power of Attorney recorded: _____

*Group, Inc-
6011 Connection Drive, 5th Floor
Irving, TX 75039



Rust
MTGL                    KASOTA
                        FORTRESS-PRIV    10

# ACKNOWLEDGMENT

STATE OF NEW YORK

COUNTY OF NEW YORK

On 10/21/2014, before me, the undersigned, personally appeared MICHAEL TORRE, ATTORNEY IN FACT FOR NRZ MORTGAGE HOLDINGS LLC personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of NEW YORK, County of NEW YORK, State of New York.

_Rosario Rutzy Lualhati_

Notary Public in and for the State of New York
Notary's Printed Name: Rosario Rutzy Lualhati
My Commission Expires:  5/16/2015

For $323,015.00 dated 5/26/2009

ROSARIO RUTZY LUALHATI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LU6241290
Qualified in New York County
My Commission Expires May 16, 2015

# EXHIBIT "A"

All THAT CERTAIN lot or tract of land, together with the partially completed dwelling; known as Premises #4408 Kohler Drive, being the greater portion of Lot #4408 Kohler Drive, a portion of Lot #4406 Kohler Drive, and a portion of Lot #4410 Highland Court, as shown on the subdivision plan of Section 3-B, Clearview Manor, recorded in Map Book Volume 10, page 2, prepared by Martin H. Schuler Company, Surveying Engineers of Allentown, situated in Lower Macungie Township, Lehigh County, Pennsylvania, more particularly described as follows:

BEGINNING at a point along the westerly property line of Kohler Drive, located 115.00 feet north from the intersection formed by the extended westerly property line of Kohler Drive with the extended northerly property line of Highland Court;

thence along a line traversing Lot #4410 Highland Court, north 59° -33' -02" west 118.75 feet to a point;

thence along a line traversing Lot #4408 Kohler Drive extending into Lot #4406 Kohler Drive, north 42° -03' -12" west 111.80 feet to a point;

thence along a line traversing a portion of Lot #4406 Kohler Drive and Lot #4408 Kohler Drive, north 82° -50' -12" east 154.55 feet to a point;

thence along the westerly property line of Kohler Drive, the following two (2) courses and distances:

1) south 25° -52' -30" east 57.08 feet to a point,
2) curving to the right with a radius of 125.00 feet for a distance measured along the arc of the curve 115.14 feet to the place of beginning.

Containing 17,067.59 square feet.